**BARBER–COLMAN COMPANY et al.,**
Plaintiffs,

v.

**W. Willard WIRTZ, Secretary of Labor,**
**Defendant.**

**Civ. A. No. 1557–63.**

United States District Court
District of Columbia.

Dec. 9, 1963.

**138**

Howard C. Westwood, Amy Ruth Mahin, R. Markham Ball, Washington, D. C., for plaintiffs.

David C. Acheson, U. S. Atty., Arnold T. Aikens, Asst. U. S. Atty., Sylvia S. Ellison, Chief Trial Atty., U. S. Department of Labor, Bessie Margolin, Assoc. Solicitor, U. S. Department of Labor, for defendant.

Michael H. Gottesman, Washington, D. C., for intervenors.

McGARRAGHY, District Judge.

This is a suit brought by eleven manufacturers of machine tools against the Secretary of Labor for a declaratory judgment that a final determination of the prevailing minimum wages in the machine tools industry made by the Secretary under the Walsh-Healey Public Contracts Act (41 U.S.C. §§ 35–45) is unlawful and void and for a permanent injunction enjoining the Secretary and his agents from enforcing or applying that determination.

On July 16, 1963, the Court made findings of fact and conclusions of law and entered a preliminary injunction staying the determination until final adjudication of the action and provided that the final hearing should be advanced on the calendar.

Thereafter, on September 27, 1963, the Court granted a motion to intervene filed by Industrial Union Department, AFL–CIO, International Association of Machinists, AFL–CIO, and International Union of Electrical Radio and Machine Workers, AFL–CIO.

The case subsequently came on for final hearing on plaintiffs' motion for summary judgment, defendant's motion to dismiss and in the alternative for summary judgment, and intervenors' motion for summary judgment.

The plaintiffs challenge the wage determination by the Secretary upon the ground that Section 1(b) of the Walsh-Healey Act does not authorize different prevailing minimum wages for different occupational classes; further, that in the instant case, the notice and hearing requirements of the Walsh-Healey Act and the Administrative Procedure Act were not complied with; that the plaintiffs were not given a full hearing as required by the Walsh-Healey Act and the Administrative Procedure Act; that the defendant's determination is not supported by the evidence; that the defendant failed to make adequate findings and state sufficient reasons as required by Section 8(b) of the Administrative Procedure Act; and that the defendant's action in making the determination effective seven days after publication in the Federal Register without a finding of good cause did not comply with the requirement of Section 4(c) of the Administrative Procedure Act.

Section 1(b) of the Walsh-Healey Act (41 U.S.C. § 35) under which the defendant made his determination, provides:

"That all persons employed by the contractor in the manufacture or furnishing of the materials, supplies, articles, or equipment used in the performance of the contract, will be paid, without subsequent deduction or rebate on any account, not less than the minimum wages as determined by the Secretary of

Labor to be the prevailing minimum wages for persons employed on similar work or in the particular or similar industries or groups of industries currently operating in the locality in which the materials, supplies, articles, or equipment are to be manufactured or furnished under said contract."

Section 10(c) of the Act makes the Administrative Procedure Act applicable in the administration of Sections 1 to 5 and 7 to 9 of the Act.

Section 10(b) provides:

"All wage determinations under section 1(b) of this Act shall be made on the record after opportunity for a hearing. Review of any such wage determination, or of the applicability of any such wage determination, may be had within ninety days after such determination is made in the manner provided in section 10 of the Administrative Procedure Act by any person adversely affected or aggrieved thereby, who shall be deemed to include any manufacturer of, or regular dealer in, materials, supplies, articles or equipment purchased or to be purchased by the Government from any source, who is in any industry to which such wage determination is applicable."

In this case, the Secretary, by his final decision (28 F.R. 4898) determined:

"Minimum Wages. The minimum wage for persons employed in the manufacture or furnishing of products of the machine tools industry, shall be $1.65 an hour for those employees engaged in the occupations of blueprint machine operator or draftsman, and $1.80 an hour for those employees engaged in other occupations."

The Secretary thus determined two different prevailing minimum wages, one in the amount of $1.65 an hour for blueprint machine operators or draftsmen, and another of $1.80 an hour for those employees engaged in other occupations.

While various procedural infirmities are alleged by the plaintiffs, it is stated by counsel for the plaintiffs in their memorandum of authorities that this determination of different minimum wages for workers in different occupations in the industry gives rise to most of the dispute in this case.

By notice dated August 9, 1961 and published in the Federal Register on August 15, 1961 (26 F.R. 7550) the Acting Secretary of Labor gave notice of a hearing by the Labor Department to determine the prevailing minimum wages in the machine tools industry under Section 1 of the Walsh-Healey Act to be held before a hearing examiner on September 6, 1961.

The notice stated that interested persons might appear at the hearing and submit evidence on specified subjects and issues, including "what are the prevailing minimum wages in the industry" * * * and "whether there should be included in any determination for this industry provision for the employment of beginners or probationary workers at wages lower than the prevailing minimum wages and on what terms or limitations such employment should be permitted."

The notice further asked for evidence relating to various subjects including "the minimum wage paid to covered workers (presently and, if possible, on April 15, 1960), and the number of covered workers at each such establishment receiving such wages."

The notice of hearing contained no suggestion that evidence be produced with respect to wages paid according to occupations. It called for the minimum wage paid to "covered workers".

Pursuant to the notice, hearings were held before a hearing examiner on September 6, 7, 8, 11 and 12, 1961, at which evidence was introduced by interested parties, including a trade association of which the plaintiffs are members. Information secured by the Bureau of La-

bor Statistics of the Department of Labor (BLS) pursuant to a survey made prior to the hearing was received in evidence as was testimony on behalf of members of the industry. No evidence of wages by occupations was introduced either as a result of the BLS questionnaire or an industry questionnaire.

On January 26, 1962 the then Secretary of Labor issued his tentative decision which was published in the Federal Register on January 31, 1962. (27 F.R. 898).

The first paragraph of the tentative decision recited that:

"A complete record of proceedings held under sections 1 and 10 of the Walsh-Healey Public Contracts Act (41 U.S.C. § 35 and 43a) to determine the prevailing minimum wages for persons employed in the machine tools industry has been certified by the hearing examiner."

In this tentative decision the Secretary, while placing reliance upon the survey by the BLS generally, and in rejecting the industry's criticism of the Bureau's survey, said:

"While the first three criticisms of the BLS survey offered by the Association are not persuasive, the evidence and argument which it offers regarding the definition of 'covered workers' appear to contain some merit insofar as blueprint machine operators and draftsmen are concerned and I have been persuaded to exclude workers engaged in these two occupations from the scope of any determination based upon the BLS wage survey. The testimony of association witnesses indicates that covered workers of the seven plants discussed whose wages fell below the minimums reported to the BLS were blueprint machine operators and draftsmen. Accordingly, I have concluded that the BLS survey forms an accurate and reliable basis for determining the prevailing mini-

mum wage in the rest of this industry."

Exceptions were taken to the Secretary's tentative decision and on May 13, 1963, the present Secretary of Labor made his final minimum wage determinations which were published on May 16, 1963 in the Federal Register (28 F.R. 4898).

In the course of his final determination, the Secretary adhered to the views indicated in his tentative decision, and said:

"For the reasons discussed in the tentative decision as well as those discussed in this final decision, I conclude that a determination providing for one prevailing minimum wage rate for blueprint machine operators and draftsmen, and another for all other minimum wage workers in the machine tools industry is both authorized by the Act and warranted by the evidence, and shall, therefore, be established."

■ It is the opinion of the Court that this determination of different minimum wages for different occupations is not authorized by Section 1(b) of the Walsh-Healey Act under which the Secretary acted.

■ The legislative history of the Act and its administrative interpretation has been briefed and documented exhaustively by counsel for all of the parties to this proceeding. It is conclusively established that, since a determination by the Secretary of Labor made shortly after the Act was enacted that the Secretary has no power under Section 1 of the Act to impose minimum wages for each occupation or groups of occupation, but only a single minimum for all of the regular covered employees of the contractor, this interpretation has been consistently adhered to by the Department and, in my opinion, is in strict accordance with the legislative intent.

Counsel for the defendant have cited determinations made over the course of the years but these, in all instances, have

been determinations under Section 6 of the Act which provides in part:

"The Secretary of Labor may provide reasonable limitations and may make rules and regulations allowing reasonable variations, tolerances, and exemptions to and from any and all provisions of this Act respecting minimum rates of pay and maximum hours of labor for the extent of the application of this Act to contractors, as hereinbefore described. Whenever the Secretary of Labor shall permit an increase in the maximum hours of labor stipulated in the contract, he shall set a rate of pay for any overtime, which rate shall be not less than one and one-half times the basic hourly rate received by any employee affected."

These provisions of Section 6 of the Act which allow variations, tolerances and exemptions have been invoked by the Secretary in instances with respect to employees who are not regular workers or who are beginners, probationary workers, helpers or auxiliary workers, and the like.

Counsel for the defendant now contend that the Secretary had power under Section 6 of the Act to provide for a different minimum wage for blueprint machine operators and draftsmen and while not abandoning Section 1(b) as authority, seem to place greater reliance on Section 6.

At the argument on the several motions for summary judgment, counsel for the defendant said:

"I will come to this point that plaintiffs' counsel takes issue with us on, whether the Secretary has done that under Section 1(b) or Section 6. Whatever that means, I don't quite understand why it makes a difference. Counsel treats Section 6 as if it were a completely different statute with no relationship to Section 1(b). Of course they are very closely related."

And further in the argument counsel said:

"It is the government's view that the statutory language unambiguously authorizes the Secretary to determine more than one minimum wage for an industry; that such authority is clear from the language of Section 1(b) alone and certainly is manifest when that section is read in conjunction with Section 6 of the Act."

And later in the argument, counsel said:

"Now, Section 6 obviously authorizes what the Secretary did here, an exclusion or an exemption."

And further in the argument, counsel said:

"I come back, then, to the statute itself, which is my last point I am going to make. I think that this whole case really turns on how the Court construes this statute, whether the statute does prohibit the Secretary from doing what he did here, either under Section 1(b) or under Section 6, or under both."

"I think the grounds he stated for making his decision would fit both or either and that there is no point, certainly, in setting aside any part of this, even if the Court should conclude that this was something that couldn't be done under Section 1(b) and that the Secretary has to use the magic words of Section 6 to do it."

The fact is that at no time did the Secretary purport to be acting under the provisions of Section 6 of the Act. His notice of hearing did indicate that consideration would be given to fixing a wage lower than the prevailing minimum for beginners or probationary workers but, clearly, blueprint machine operators and draftsmen do not fall in these classifications, and the Secretary did not purport to treat them as such which obviously he could not do.

In the opening paragraph of the notice of hearing, it was stated that the hear-

ing would "determine the prevailing minimum wages in the machine tools industry under Section 1 of the Walsh-Healey Public Contracts Act."

The Secretary's determination makes it clear that he did not intend to fix the rate for blueprint machine operators and draftsmen under Section 6 but he intended to assert the power under Section 1(b) to make his determination by occupations.

The first paragraph of the tentative decision which was adopted by the final determination stated that "A complete record of proceedings held under Sections 1 and 10 of the Walsh-Healey Act" had been certified by the hearing examiner.

Section 10 of the Act is that section which provides that wage determinations under Section 1(b) of the Act shall be made on the record after opportunity for a hearing and also makes Sections 1 to 5 and 7 to 9 of the Act subject to the Administrative Procedure Act which is not so with respect to Section 6.

The memorandum of points and authorities filed by counsel for the defendant in support of defendant's motion for summary judgment, on page 11, in the introduction to the argument, said:

"The Secretary's determination here in question was made pursuant to Section 1(b) of the Walsh-Healey Act."

This is not merely a matter of form, but is one of substance. Under Section 10 of the Act, establishment of minimum wages under the authority of Section 1 must be made on the record after opportunity for a hearing with right of review pursuant to the terms of the Administrative Procedure Act.

Under the notice of hearing given in this case, the industry was entitled to proceed on the assumption that the hearing would relate to all covered workers and that the evidence was to be presented on that basis. It is clear that the final determination in this case was based upon evidence which did not include all covered workers.

This failure to include blueprint machine operators and draftsmen as covered workers in determining the prevailing minimum wage was prejudicial to the industry and of necessity had the effect of establishing a higher minimum wage than would have resulted had they been included.

The notice of hearing did not involve the determination of wages by occupations but expressly asked "what are the prevailing minimum wages in the industry?"

Having concluded as a matter of law that the determination by the Secretary is not authorized by Section 1(b) of the Act under which the Secretary acted, it is unnecessary to pass upon the alleged procedural defects complained of by the plaintiffs.

Accordingly, the plaintiffs' motion for summary judgment will be granted and the defendant's and intervenors' motions for summary judgment will be denied.

Counsel for plaintiffs will submit an order in conformity with this ruling.